UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

PAULA STEWART, :
           Plaintiff, :
            :
    v. : No. 2:14-cv-06982
            :
CAROLYN W. COLVIN, :
Acting Commissioner of Social Security, :
           Defendant. :

# O R D E R

**AND NOW**, this 20th day of June, 2017, upon consideration of Plaintiff Paula Stewart's Complaint, ECF No. 1, Defendant Carolyn Colvin's Answer, ECF No. 7, Stewart's Motion for Summary Judgment and Brief and Statement of Issues in Support of Request for Review, ECF No. 8, Colvin's Response to Request for Review, ECF No. 9, and Stewart's Reply, ECF No. 13, and after de novo review[1] of the Report and Recommendation ("R&R") of David R. Strawbridge, United States Magistrate Judge, ECF No. 15, Stewart's Objections to the R&R, ECF No. 16, Colvin's Response to the Objections, ECF No. 18, Stewart's Reply, ECF No. 19, and the complete Administrative Record, ECF No. 6,[2] **IT IS ORDERED THAT**:

    1.    Stewart's Objections to the Report and Recommendation, ECF No. 16, are **OVERRULED.**

---

[1] When objections to a report and recommendation have been filed, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x. 142, 147 (3d Cir. 2016). The "court may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C) (2009).

[2] Citations to specific documents in the administrative record are listed as "R. ___."

1

The Court adopts the R&R issued by Magistrate Judge Strawbridge, and writes separately only to address a few of Plaintiff's objections to the R&R.[3]

First, Stewart objects and argues that it was inconsistent for Magistrate Judge Strawbridge to "discount" Dr. Park's records that were based on a single visit but to not do the same for Dr. McMillan. Pl.'s Obj. 5, ECF No. 16. Stewart asserts that more weight should have been given to Dr. Park's opinion that Stewart was unable to work because Dr. Park had repeated his opinion multiple times over the course of a year. *Id.* Dr. Park gave his opinion on March 13, 2006, that Stewart was disabled due to lumbar spine discogenic pain, L4-5 disc disease beginning January 9, 2006, and reconfirmed this opinion on July 14, 2006, and March 2, 2007. R. 23.

Contrary to Stewart's argument, some treating source opinions, including opinions of "disability" or an "inability to work," are not controlling or even considered medical opinions. 20 C.F.R § 404.1527(d) (2017). Magistrate Judge Strawbridge did not err by finding that "the forms completed by Dr. Park and his note excusing Stewart from work do not reflect any awareness of what Stewart's work entailed or what capacities were necessary, nor did he document particular limitations pertinent to her work. R&R 17, ECF No. 15. Pursuant to 20 C.F.R. § 404.1527(c)(3), "[t]he better an explanation a source provides for an opinion, the more weight we will give that opinion." 20 C.F.R. § 404.1527(c)(3) (2017). Dr. Park did not give an explanation of his opinions in regards to why Stewart would not be able to work. After de novo review, this Court adopts Magistrate Judge Strawbridge's findings and recommendations that the record permitted the Administrative Law Judge ("ALJ") to give Dr. Park's opinion's regarding an inability to work no probative weight.

Second, Stewart asserts that less weight should have been given to Dr. McMillan, who also based his opinion on a single visit. Pl.'s Obj. 5, ECF No. 16. Pursuant to 20 C.F.R. §

---

[3] Although this Order does not specifically discuss each of Plaintiff's objections, all of the objections have been given de novo review.

404.1527(c)(1), Dr. McMillan is an examining source because he examined Stewart. Magistrate Judge Strawbridge correctly found that Dr. McMillan's opinion regarding Stewart's limitation showed "supportability" in that he presented relevant findings. R&R 19. Supportability is described as "[t]he more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion," and "[t]he better an explanation a source provides for an opinion, the more weight we will give that opinion." 20 C.F.R. § 404.1527(c)(3) (2017). Dr. McMillan noted that Stewart was able to walk in the exam room without the use of her four-wheeled walker she brought with her; she was able to get on and off of the examination table; and she could go from a sitting to a supine position without assistance. R. 296. Dr. McMillan opined that based on Stewart's history and the examination Stewart could do light work and would need use of an ambulatory device for long distances, but would not be able to engage in activities that require frequent bending, stooping, crouching, climbing, or kneeling. R. 297. Thus, this Court agrees that the ALJ did not err in giving "substantial probative weight" to the statement of Dr. McMillan.

2. The Report and Recommendation, ECF No. 15, is **APPROVED** and **ADOPTED**.

3. Plaintiff's Motion for Summary Judgment and Petition for Review, ECF No. 8, is **DENIED**.

4. The final order of the Commissioner of Social Security is **AFFIRMED**.

5. Judgment is **ENTERED** in favor of Defendant Carolyn W. Colvin, Acting Commissioner of Social Security, and against Plaintiff Paula Stewart.

6. This case is **CLOSED**.

BY THE COURT

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge